JUDGE FURMAN

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------
JOSE REYES,

                         Plaintiff,

         -against-

THE CITY OF NEW YORK, P.O. ALAN DALESSIO, Shield No.
24855, Individually and in his Official Capacity, and Police Officers
"JOHN DOE" 1-3, Individually and in their Official Capacities, the
names "JOHN DOE" being fictitious as the true names are not
presently known,

                         Defendants.
-------------------------------------------------------------------------

**14 CV 9398**

COMPLAINT

JURY TRIAL
DEMANDED

RECEIVED
NOV 25 2014
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff, JOSE REYES, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1.     Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States of America.

## JURISDICTION

2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4.      Venue is properly laid in the Souhern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff, JOSE REYES, is, and has been, at all relevant times, a resident of the City and State of New York.

7.      Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9.      At all times hereinafter mentioned the individually named defendant police officers were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.      At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11.      Each and all of the acts of the defendants alleged herein were done by said defendants

while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

**FACTS**

13.     On or about September 2, 2013, at approximately 1:00 a.m., plaintiff JOSE REYES, was lawfully present in the vicinity of 829 Hollywood Avenue in Bronx County in the State of New York.

14.     At that time and place, the defendant officers approached plaintiff and ordered him to the ground.

15.     Plaintiff complied, and the defendant officers handcuffed his arms tightly behind his back.

16.     Defendants then began to beat plaintiff, grabbing him by his throat, punching him in his head, striking him in the head with an object, and stepping on, kneeing, and kicking his back, arms, and legs.

17.     As a result of said beating, plaintiff suffered an acute intracranial hemorrhage, a large gash to the back of his head, bruising to his neck, arms, and legs, and sprain and strain to his cervical and lumbar spines.

18.     As a result of those injuries, plaintiff was treated in the Surgical Intensive Care Unit at Lincoln Hospital in Bronx, New York, for approximately four days.

19.     The force employed by the defendants was objectively unreasonable and was not privileged in any way.

20.     As a result of the foregoing, plaintiff JOSE REYES sustained, *inter alia*, physical

injury, as described above, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

21.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

22.     All of the aforementioned acts deprived plaintiff, JOSE REYES, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

23.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

24.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

25.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### FIRST CLAIM FOR RELIEF
### FOR EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

26.     Plaintiff, JOSE REYES, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

27.     The force employed by the individually named defendants was unreasonable given the facts and circumstances prevailing at the time and place of the above described incident.

28.     As a result of the foregoing, plaintiff, JOSE REYES, suffered physical injuries, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## SECOND CLAIM FOR RELIEF
## FOR FAILURE TO INTERCEDE UNDER 42 U.S.C. § 1983

29.     Plaintiff, JOSE REYES, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein.

30.     Defendant officers observed and were aware of the above described constitutional violations as they were taking place.

31.     Defendant officers failed to take reasonable steps which would have prevented the constitutional violations described above.

32.     Defendants were presented with a realistic opportunity to intervene to prevent the above described constitutional violations and failed to do so.

33.     It was objectively unreasonable for the defendants to believe their fellow officers' actions comported with the United States Constitution.

34.     As a result of the foregoing, plaintiff, JOSE REYES, suffered physical injuries, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FOURTH CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

35.     Plaintiff, JOSE REYES, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

36.     Defendants physically assaulted plaintiff, JOSE REYES, in the absence of any justifying cause, notwithstanding their knowledge that said arrest and incarceration would jeopardize

plaintiff's liberty, well-being, safety, and violate his constitutional rights.

37.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

38.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

39.    Those customs, policies, patterns, and practices include, but are not limited to:

    i.    failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

    ii.    failing to properly train police officers in the requirements of the United States Constitution.

40.    The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

    i.    utilizing excessive force in effectuating arrests;

    iii.    falsifying evidence and testimony to support those arrests;

    iv.    falsifying evidence and testimony to cover up police misconduct.

41.    The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, JOSE REYES.

42.    The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate

cause of the constitutional violations suffered by plaintiff as alleged herein.

43.     The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

44.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

45.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff's constitutional rights.

46.     All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly his Fourth and Fourteenth Amendment rights to be free from unreasonable seizure.

## PENDANT STATE CLAIMS

47.     Plaintiff, JOSE REYES, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

48.     On or about October 18, 2013, and within (90) days after the claims herein accrued, the plaintiff duly served upon, presented to and filed with defendant, THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law §50(e).

49.     Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

50.     Defendant THE CITY OF NEW YORK conducted a hearing pursuant to General

Municipal Law § 50-h on November 24, 2014.

51.     This action was commenced within one (1) year and ninety (90) days after the causes of action herein accrued.

52.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

53.     This action falls within one or more of the exceptions as outlined in C.P.L.R. §1602.

## FIFTH CLAIM FOR RELIEF
## FOR ASSAULT AND BATTERY UNDER NEW YORK LAW

54.     Plaintiff, JOSE REYES, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

55.     At the aforesaid place and time, the individually named defendants did cause plaintiff, JOSE REYES, to be unlawfully assaulted and battered, without cause or provocation.

56.     The aforesaid assault and battery were caused by the individually named defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

57.     As a result of the aforesaid assault and battery, plaintiff, JOSE REYES, was injured, both physically and mentally.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

    i.      an order awarding compensatory damages in an amount to be determined at trial;

    ii.     an order awarding punitive damages in an amount to be determined at trial;

    iii.    reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

    iv.    directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       November 25, 2014

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

By:    MATTHEW SHROYER (MS-6041)
       80 Maiden Lane, 12th Floor
       New York, New York 10038
       (212) 962-1020

DOCKET NO.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COURT OF NEW YORK

JOSE REYES,

                          Plaintiff

    -against-

THE CITY OF NEW YORK, P.O. ALAN DALESSIO, Shield No. 24855, Individually and in his
Official Capacity, and Police Officers "JOHN DOE", 1-3, Individually and in their Official
Capacities, the names "JOHN DOE" being fictitious as the true names are not presently known,

                          Defendants.

## SUMMONS AND COMPLAINT

## LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC
*Attorneys for Plaintiff*
**80 Maiden Lane, 12th Floor**
**New York, New York 10038**
**(212) 962-1020**

TO:    Corporation Counsel
       City of New York
       c/o New York City Law Dept
       100 Church Street
       New York, New York 10007

       P. O. Alan Dalessio, Shield No. 24855
       c/o New York City Police  Dept-45[th] Precinct
       2877 Barkley Avenue
       Bronx, New York 10465

Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State
of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained
in the annexed document are not frivolous.

_____
                Matthew Shroyer